DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, which found appellant Zachary S. to be a delinquent child. Pursuant to 6th Dist.Loc.App.R. 12(C), this case is assigned to the accelerated calendar.
On April 13, 2001, Zachary S. admitted to a charge of public indecency. Upon this admission, a charge of aggravated menacing was dismissed. The matter then proceeded directly to disposition. The state and appellant's probation officer recommended commitment to the Department of Youth Services based in part on appellant's lack of progress despite extensive services provided him by the probation department. The victims in this case presented victim impact statements. The magistrate then lifted a stay on a previous commitment and committed Zachary to the Ohio Department of Youth Services for a minimum of six months.
In his first assignment of error, appellant asserts that the trial court erred by allowing "unsworn, irrelevant testimony" in the form of the victim impact statements and by not permitting cross-examination of the witnesses at the hearing. Pursuant to R.C. 2930.14(A) and (B), a victim may make a statement prior to disposition of a juvenile and the court shall consider the impact statement in imposing sentence. This court finds that there is no requirement that a victim impact statement be under oath or that the statement be subject to cross-examination. SeeState v. Spears (Oct. 18, 1995), Montgomery App. No. 14869, unreported. Accordingly, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that he was denied effective assistance of counsel because counsel failed to object when the magistrate failed to require that the victims' testimony be under oath, failed to object to irrelevant testimony, and failed to ask that the court to permit cross-examination on the record. Based on our finding as to appellant's first assignment of error, this court finds that appellant was not denied effective assistance of trial counsel as required byStrickland v. Washington (1984), 466 U.S. 688, and his second assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.